UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **MEHRDAD HOSSEINI,** <br><br> **Plaintiff,** <br><br> **V.** <br><br> **RAND BEERS,** *et al.***,** <br><br> **Defendants.** | **CIVIL ACTION NO. 5:14-404-KKC** <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion to dismiss brought by defendants Rand Beers, Secretary of Department of Homeland Security; Leon Rodriguez, Director of the United States Citizenship and Immigration Services ("USCIS"); and Mark Hazuda, Director of the USCIS Nebraska Service Center (DE 5), as well as plaintiff Mehrdad Hosseini's cross-motion for summary judgment (DE 7) and motion to amend his motion for summary judgment (DE 8). For the following reasons, Defendants' motion to dismiss will be granted and Plaintiff's motion for summary judgment and motion to amend will be denied as moot.

**I. Background**

This action arises out of the denial of plaintiff Mehrdad Hosseini's application to adjust his immigration status. Hosseini's wife was granted asylum in 1999, and she filed an I-730 petition seeking asylum on Hosseini's behalf as her spouse. (DE 1 at 4.) USCIS approved that application, and Hosseini lawfully entered the United States as a derivative asylee in February 2000. (DE 1 at 4.)

Approximately one year later, Hosseini filed Form I-485 Application to Register Permanent Residence or Adjust Status, seeking to obtain permanent resident status. (DE 1

at 4.) In March 2013, after his application had been pending for nearly twelve years, Hosseini filed a *pro se* complaint in the Eastern District of Kentucky seeking to compel USCIS to act upon his I-485 application. (DE 1 at 4.) On April 3, 2014, the district court found the delay unreasonable and ordered USCIS to adjudicate Hosseini's application within 60 days. *See Hosseini v. Napolitano*, 12 F. Supp. 3d 1027, 1037 (E.D. Ky. 2014).

As part of the adjudicatory process, USCIS sent Hosseini a Notice of Intent to Deny his application due to the agency's initial determination that he was inadmissible under 8 U.S.C. § 1182(a)(3)(B)(i)(I) for having engaged in terrorist activities as defined by 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd).[1] (DE 1-1 at 2–4). Hosseini responded to the Notice of Intent to Deny, asserting that he was not and had never been a member of a terrorist organization. (DE 1-1 at 4–9.) Nevertheless, USCIS denied Plaintiff's I-485 application on July 18, 2014, after determining that Hosseini had been associated with Fadayeen Khalq ("FeK") and Mujahedin-e Khalq ("MeK") during a time when both groups fell within the definition of an undesignated terrorist organization under 8 U.S.C. § 1182(a)(3)(B)(vi)(III).[2] (DE 1-2 at 4.) In its decision, the agency explained that Hosseini's I-485 application indicated that he had joined "a political organization called Fedaeian Klalgh from 1979 to 1982 in Iran," and that Hosseini later stated that he had distributed literature, mostly in the form of fliers, for FeK and MeK until sometime in 1985. (DE 1-2 at 3.) The decision also noted Hosseini's statement that he had provided copying and telefax services to facilitate the distribution of MeK political leaflets and articles. (DE 1-2 at 3.) The agency found that Hosseini's statements concerning his lack of knowledge of the violent activities of the FeK and the MeK did not sufficiently establish the "clear and convincing evidence required under the

---

[1] INA section 212(a)(3)(B)(i)(I) is codified as 8 U.S.C. § 1182(a)(3)(B)(i)(I), and INA section 212(a)(3)(B)(iv)(VI)(dd) is codified as 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd).
[2] INA section 212(a)(3)(B)(vi)(III) is codified as 8 U.S.C. § 1182(a)(3)(B)(vi)(III).

2

lack of knowledge exception" of 8 U.S.C. 1182(a)(3)(B)(iv)(IV)(dd). (DE 1-2 at 5.) The final paragraph of the decision advised Hosseini that he could not appeal the denial, but explained that he could "submit a motion to reopen or reconsider on Form I-290B within thirty days of the date of this letter" if he believed he could overcome the grounds for denial. (DE 1-2 at 6.) Hosseini did not file a motion to reopen or reconsider.

Instead, proceeding without counsel, Hosseini filed the instant action in this Court on October 28, 2014. (DE 1). He asserts jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. § 2201. (DE 1 at 2, 16–17.) He alleges that his status adjustment application was improperly denied, and he requests that this Court order Defendants to adjust his status to that of a lawful permanent resident. (DE 1 at 4, 16–17.)

On December 29, 2014, Defendants filed a motion to dismiss, asserting lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff responded, and simultaneously filed a cross-motion for summary judgment. He later filed a motion to amend his summary judgment motion to correct a scrivener's error. All of these motions are now ripe for review.

**II. Standard of Review**

### *A. Federal Rule of Civil Procedure 12(b)(1)*

"Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th. Cir. 1990) (citation omitted). "Challenges to subject-matter jurisdiction fall into two general categories: 'facial attacks'—which argue that the pleading allegations are insufficient—and 'factual attacks'—which challenge the factual veracity of the allegations." *Caspar v. Snyder*, No. 14-CV-11499, 2015

3

WL 224741, at *4 (E.D. Mich. Jan. 15, 2015) (quoting *United States v. Ritchie*, 15 F.3d 592, 598 (6th. Cir. 1994)). Upon a facial attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Ritchie*, 15 F.3d at 598. On a motion raising a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

### *B. Federal Rule of Civil Procedure 12(b)(6)*

In considering whether to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

When dismissal is sought under Rules 12(b)(1) and 12(b)(6) in the alternative, the Court must "consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject-matter jurisdiction." *Moir*, 895 F.2d at 269 (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

### III. Discussion

This case is controlled by the Sixth Circuit's recent decision in *Jama v. Department of Homeland Security*, 760 F.3d 490 (6th Cir. 2014). In *Jama*, an alien in ongoing removal proceedings brought an action against USCIS, challenging, *inter alia*, the denial of his

4

status adjustment application under the APA; the Declaratory Judgment Act, 28 U.S.C. § 2201; and the federal question statute, 28 U.S.C. § 1331. *See Jama*, 760 F.3d at 493. The district court dismissed Jama's complaint for lack of subject matter jurisdiction; it found that that neither the federal question statute nor the Declaratory Judgment Act conferred jurisdiction and that the denial of Jama's status adjustment application did not constitute "final agency action," as required for judicial review under the APA. *Id.* On appeal, the Sixth Circuit held that the district court did, in fact, have subject matter jurisdiction to review Jama's claims, but it affirmed the district court's dismissal of Jama's complaint because his allegations failed to state a claim on the merits. *Id.* at 493–97.

Regarding the district court's subject matter jurisdiction, the Sixth Circuit explained that "[a]lthough the APA does not directly grant jurisdiction, the federal question statute, 28 U.S.C. § 1331, 'confers jurisdiction on federal courts to review agency action, regardless of whether the APA of its own force may serve as a jurisdictional predicate.'" *Id.* at 494 (quoting *Califano v. Sanders*, 430 U.S. 99, 105 (1977)). Thus, it held that the district court's dismissal pursuant to Rule 12(b)(1) was improper because it had "jurisdiction over Jama's APA claims pursuant to the federal question statute, 28 U.S.C. § 1331." *Id.*

However, the Sixth Circuit concluded that dismissal was proper under Rule 12(b)(6) because the denial of Jama's status adjustment application was not a "final agency action" reviewable in the district court under the APA. *Id.* at 495–97. Section 704 of the APA authorizes judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704. The APA does not permit judicial review in those instances where "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). In deciding that dismissal was proper under Rule 12(b)(6), the Sixth Circuit first determined that

5

"[t]here is no statute that precludes judicial review of USCIS's . . . denial of Jama's status adjustment application. Nor is there a statute that expressly makes th[is] action[ ] reviewable in district court." *Jama*, 760 F.3d at 495. Thus, the court concluded that in order for Jama's complaint to state a claim, he "must allege that [his] injury stems from a final agency action for which there is no other adequate remedy in court." *Id.* (quoting *Bangura v. Hansen,* 434 F.3d 487, 500 (6th Cir. 2006)).

The Sixth Circuit held that the denial of Jama's application to adjust status was not a "final agency action." Agency action is final if two conditions are satisfied:

> First, the action must mark the "consummation" of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow."

*Id.* at 495–96 (quoting *Bennett v. Spear*, 520 U.S. 154, 175 (1997)). The court explained that "the agencies' decisionmaking process consummates when they issue a final decision regarding an alien's immigration status. . . . and denial of a status adjustment application [is an] intermediate step[ ] in the removal of an alien, . . . not the consummation of the agencies' decisionmaking on the alien's immigration status." *Id.* at 496. Thus, because Jama's removal proceedings were ongoing and further administrative relief was available during the removal proceedings, USCIS's denial of Jama's status adjustment application was merely an intermediate step and not a final decision on his immigration status. *Id.* Significantly, the court explained that once the agency makes a final decision on Jama's immigration status—i.e, at the conclusion of his removal proceedings and following an appeal to the Board of Immigration Appeals—Jama may seek review in the United States Court of Appeals for the Sixth Circuit. *Id.* at 497.

In the instant case, the Court finds that it has subject matter jurisdiction to review Hosseini's APA claim under the federal question statute, 28 U.S.C. § 1331. *See id.* at 494. However, Hosseini's complaint must be dismissed because it fails to state a claim upon which relief can be granted. As in *Jama*, no final decision has been rendered on Hosseini's immigration status at this time. Hosseini does not assert, and the record does not reveal, that removal proceedings have even been initiated against him, much less that he has appealed any unfavorable decision to the Board of Immigration Appeals. Thus, USCIS's denial of Hosseini's status adjustment application is merely an intermediate step at this stage of the proceedings and does not constitute "final agency action" reviewable in the district court under the APA. *See id.* at 496–97; 5 U.S.C. § 704.

Hosseini is advised that he can petition the United States Court of Appeals for the Sixth Circuit for review of the denial of his application to adjust status once the agency has made a final decision in his immigration status—at the conclusion of removal proceedings and following an appeal to the Board of Immigration Appeals. *See Jama*, 760 F.3d at 497. Thus, there remains an avenue available for review of USCIS's decision to deny Hosseini's application to adjust status.

## IV. Conclusion

Because the denial of a status adjustment application is not a "final agency action" reviewable in this Court under the APA, Hosseini's complaint fails to state a claim upon which relief can be granted. Accordingly, **IT IS ORDERED** as follows:

1. The motion to dismiss filed by defendants Rand Beers, Secretary of Department of Homeland Security; Leon Rodriguez, Director of the USCIS; and Mark Hazuda, Director of the USCIS Nebraska Service Center (DE 5) is **GRANTED**

and plaintiff Mehrdad Hosseini's complaint is **DISMISSED** as to all parties and claims;

2. Plaintiff Mehrdad Hosseini's cross-motion for summary judgment (DE 7) and motion to amend his motion for summary judgment (DE 8) are **DENIED AS MOOT**; and

3. This case is **STRICKEN** from the Court's active docket.

Dated September 11, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY